## No. 7357.

### THE STATE, EX REL. ADA DENEGRE VS. THE JUDGE OF THE SECOND DISTRICT COURT.

A judge cannot injoin himself from trying a cause.

By no kind of judicial contrivance can a rehearing be had in an inferior court of a cause decided finally by the Supreme Court.

The plea of *res adjudicata* necessarily puts at issue the scope, extent, substance, etc., of the judgment pleaded, and therefore an examination and critical analysis of that judgment, in order to ascertain what was decided, is not only pertinent, but needful, but the rightfulness of that judgment can no longer be litigated by the same parties.

FOR a *Mandamus.*

*Semmes* for Relatrix.    *W. O. Denegre* and *Blanc* for Respondent.

Sylvanie Denegre is the widow and executrix of James D. Denegre. Ada Denegre is the widow of one of his sons, and the legatee of the usufruct of her deceased husband's estate, which consists of his undivided interest in his father's succession.

MANNING, C. J.    On May 27th, 1874, the relatrix instituted suit in the Second Court against the executor and executrix of James D. Denegre, claiming, as legatee of the usufruct of her deceased husband's estate, the share of that husband in the succession of his father.    An exception was filed in January, 1875, raising the question of jurisdiction *ratione materiæ*, and pleading want of proper parties, which was overruled, whereupon the elder widow Denegre and W. O. Denegre, as executors, answered, alleging that a community had existed between J. D. Denegre and his wife, and that all the property left by the deceased belonged to it, and that his widow

was entitled to one-half of it as owner and the other half as usufructuary. The case was tried on these issues, and on appeal to this court it was held that James D. Denegre's widow was not entitled to the usufruct, and the right of the relatrix to the share of her husband in his father's succession was recognized, and she was declared entitled to the revenues of said share, and the cause was remanded to ascertain the share of her deceased husband.

On April 7, 1877, Sylvanie B. Denegre, widow of James D. Denegre, filed a petition in the above detailed suit, setting forth that she then deposits in court her accounts, conformed to the decree of this court as far as she can conform them, and prays that the relatrix be cited to shew cause why they should not be homologated, and on the 24th of the same month an opposition was filed by the relatrix. The suit was fixed for trial about a year afterwards, viz.: April 13th, 1878. On the day before the trial day, Mrs. Denegre the elder filed a petition praying for an injunction against proceeding further in the trial of the suit, alleging that her rights as usufructuary were not adjudicated by the Supreme Court, and that the decree was not obligatory upon her because the Second Court was without jurisdiction *ratione materiæ* to adjudge her rights as usufructuary, and because she was not a party to the suit as usufructuary. The Second Court granted the injunction wherein the relatrix is inhibited from enforcing the execution of the judgment obtained by her.

On the next day (the day previously fixed for the trial) the judge refused to proceed with the trial of relatrix's opposition because he had granted the injunction. She moved its instant dissolution, characterizing it properly as an injunction granted by the judge against himself, and alleging that the court could not injoin itself from trying a cause. It was fixed for trial on April 27, 1878, and the relatrix filed the plea of *res adjudicata* to the injunction which was sustained and judgment rendered accordingly. The relatrix then proposed to proceed with the trial of her opposition to the accounts, which had been also fixed for trial on that day, but the judge refused to proceed therewith because his judgment, sustaining the plea of *res adjudicata* and dissolving the injunction, was appealable. The relatrix takes this proceeding by *mandamus* to compel the judge to try her opposition.

The answer of the judge gives the same narrative of the suit as the

relatrix, and states that an appeal has been taken from his judgment dissolving the injunction, and is now pending in this court. He alleges that the relatrix cannot substitute this *mandamus* to the injunction suit for the purpose of trying the issues therein presented. So that we have on one hand an allegation by the relatrix that the injunction was merely a mode adopted to obtain a continuance, and on the other hand, that this *mandamus* is an attempt to anticipate the trial of the injunction.

The position assumed by the respondent is, that Mrs. Denegre, the elder, was a party to the first suit in her capacity of executrix alone, and therefore she was not concluded by the decree *quoad* her capacity as usufructuary. The fact is that she set up as executrix the defence that she was usufructuary, and could not be held responble as executrix, because she held the property as usufructuary, and the court decided that she did not hold it as usufructuary, but as executrix. Denegre *v.* Denegre, Opinion Book 45, p. 529. When it was sought by another suit to ascertain the extent and value of the community property of the relatrix and her husband, the cause was remanded by us, for the lower court to ascertain more completely what it was. Denegre *v.* Denegre, 30 La. Annual, 275.

This case is in an anomalous situation. Virtually, the judge has injoined himself from trying an issue which he was directed by this court to try, upon the allegation of a party to that litigation that the Supreme Court had not adjudicated her rights as usufructuary — which rights were the special matter that was adjudicated — and upon the further allegation that the decree then rendered was not obligatory upon her, because the Second Court, whence the appeal came, was without jurisdiction *ratione materiæ*. In other words, by means of this suit in injunction, a rehearing is to be had in the Second Court of a case decided finally by the Supreme Court.

We feel it our duty to check this mode of thwarting the execution of our final decrees, even if in doing so the trial of the issues presented in the injunction suit be anticipated.

It is urged that the relatrix, by pleading to the injunction, opened the door to a trial and to a suspensive appeal from the judgment rendered upon it. Was she to stand mute and do nothing? Then the injunction would have remained *in perpetuam*. She moved to dissolve, and as this petition avers, urged this court to do so on the

ground that it was unlawful, because the judge could not injoin himself from trying the cause.

The relatrix should have her opposition tried and determined without unreasonable delay, and to that end her prayer is granted. But we must not be understood as concluding the respondent's right to have determined the question whether her pretensions as usufructuary have been definitely adjudicated. If those pretensions have been finally adjudicated against her, so that they are barred by the plea of *res adjudicata*, she will, of course fail, but she has the right to have the lower court, and this court, pass upon that question. The sufficiency and completeness of the plea must be determined at the same time as the opposition to the account and as a part of it.

*Mandamus granted.*

WHITE, J., recused.